IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HERBERT ERICKSON,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 10-457-BR

OPINION AND ORDER

**THOMAS FREEDMAN**
Pearl Law LLC
312 NW 10th Avenue
Suite 201
Portland, OR  97209

    *Pro Bono* Attorney for Petitioner

**DWIGHT HOLTON**
United States Attorney
**LISA JANICKI**
Certified Law Clerk
**JANE SHOEMAKER**
Attorney for the United States
1000 SW Third Avenue
Suite 600
Portland, OR  97204

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this action for Writ of *Coram Nobis* and/or *Audita Querela* seeking to set aside and to invalidate his 1968 felony conviction for refusal to submit to induction into the military under 50 U.S.C. § 462.  In addition, Petitioner seeks an order expunging all records of the conviction.  For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the Amended Petition.  The Court **GRANTS** a Writ of *Audita Querela* setting aside and vacating the conviction.  The Court, however, **DENIES** Petitioner's request to expunge all record of the conviction, without prejudice to Petitioner's right to renew said request should extraordinary circumstances develop warranting such remedy.

BACKGROUND

In early 1968, Petitioner was drafted into the military service in connection with the Vietnam War.  Petitioner, however, refused induction on the grounds that he was a non-religious conscientious objector.  Petitioner premised his conscientious objection upon personal beliefs which were purely ethical and moral in source and content and which occupied a place parallel to that filled by belief in a Supreme Being for those holding more traditional religious views.

2 - OPINION AND ORDER -

On or about March 29, 1968, Petitioner was indicted on a single-count felony for refusing induction into the military in *United States v. Erickson*, Case No. CR-68-89.  In June 1968, Petitioner was tried before the Honorable Gus J. Solomon, District Judge of this Court.  At trial, Petitioner's attorney argued Petitioner's conscientious objection to participation in war was not required to be based on religious training and belief, but Judge Solomon rejected this argument.  In addition, Judge Solomon asked Petitioner several questions about whether he would resort to force to defend his family or home if necessary.  Petitioner testified that he would.

Judge Solomon found Petitioner guilty.  Petitioner understood the guilty determination was based upon Petitioner's testimony that he would resort to force to defend his family and home, and the fact that his conscientious objection to war was not premised on a religious belief.

Judge Solomon sentenced Petitioner to three years of community service and five years of probation.  Petitioner completed his sentence in its entirety, including working in a hospital for 40 hours a week for three years.  Other than this conviction, Petitioner has never been arrested for or convicted of a crime.

After completing his community service Petitioner continued to work at the hospital for another two years.  Petitioner then

3 - OPINION AND ORDER -

went to community college and studied bookkeeping. For the next few years he worked in Oregon as a bookkeeper and then for a photo lab. In 1981, Petitioner moved to San Francisco and worked as a bookkeeper. Petitioner kept that job for approximately 20 years. In 1991, Petitioner was diagnosed as HIV-positive. In 2003, Petitioner lost his job due to depression and other medical symptoms associated with being HIV positive.

In 2004, Petitioner was diagnosed with prostate cancer. Treatment for the cancer was costly, and together with his HIV medication and treatment, exhausted his retirement funds. In 2006, Petitioner began receiving Social Security disability benefits. In 2009, Petitioner enrolled in a program through the California Social Services called In-Home Supportive Services ("IHSS"). Under the IHSS program, Petitioner receives an hourly wage for providing in-home care services to an individual who is HIV-positive, suffers from alcoholism, and who has additional medical injuries due to a severe head injury. At present, Petitioner's only sources of income are his Social Security disability benefits and the IHSS program.

In 2009, the California Department of Social Services enacted a new policy that would render persons with felony convictions no longer eligible for the IHSS program. The new policies took effect July 1, 2010, and Petitioner's completed application in

which he must disclose his conviction would be due on or before December 31, 2010.

In November 2009, however, individuals in California petitioned the Superior Court of Alameda County for a writ of mandate. In that action, the individuals challenged the new policy of excluding anyone convicted of a felony from serving as an IHSS provider as unlawful under California law and the California Constitution. The petition requested the court to command the state agency to rescind the new policy, issue a notice to county welfare directors stating the policy had been rescinded, and discontinue use of the forms that reflected the policy.

In February 2010, the Superior Court of Alameda County granted the petition for writ of mandate. In March 2010, the court issued the writ granting the requested relief. In May 2010, both the Petitioners and the state filed appeals. In August 23, 2010, the Superior Court of Alameda County issued an order stating that the pending cross-appeals did not stay the writ of mandate issued in March 2010. As such, unless and until the Superior Court's order is reversed on appeal, the writ of mandate stands.

After commencing this action, Petitioner learned his conviction comes within a general pardon issued by President Jimmy Carter on January 21, 1977. *See generally* Proclamation 4483, Exec. Order No. 11967, 42 Fed. Reg. 4391, 4393 (1977). On June 29, 2010, Petitioner applied to the United States Pardon Attorney

5 - OPINION AND ORDER -

for an individual certificate of pardon under Proclamation 4483. On July 2, 2010, the Pardon Attorney granted the application and issued a Certificate of Pardon indicating that Petitioner's conviction "was pardoned."  A letter from the Pardon Attorney accompanying the Certificate of Pardon stated, in pertinent part:

> [Petitioner] should be advised that a pardon does not expunge the record of a conviction, and does not relieve him of the obligation to report the conviction when required to do so.  Therefore, on any application or other document that requires the information, [Petitioner] should disclose the fact of his conviction. However, he may also include the fact that he was pardoned by the Proclamation of January 21, 1977, and may display the enclosed certificate as evidence of that fact. [Petitioner] should be further advised that we have requested the Federal Bureau of Investigation to make an appropriate notation of his pardon in its official records, so that the fact of his clemency grant will be included in addition to the information concerning the conviction.

In this action, Petitioner argues the pardon is not sufficient to protect him from the potential loss of his IHSS benefits.  Instead, Petitioner argues, the conviction must be vacated and set aside and his criminal record expunged.

Respondent initially argued that Petitioner is not entitled to issuance of a writ vacating his conviction or to have the record of his conviction expunged.  At hearing on the matter before the Court on November 17, 2010, however, counsel for Respondent conceded Petitioner was entitled to a Writ of *Audita Querela* setting aside the conviction.  However, Respondent maintained objection to expungement of the record.

6 - OPINION AND ORDER -

**DISCUSSION**

### I.   Writ of *Coram Nobis* and/or *Audita Querela*

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  A petition for Writ of *Coram Nobis* under the All Writs Act may provide relief for persons who have grounds to challenge the validity of their conviction but are not eligible for habeas corpus relief under 28 U.S.C. § 2255 because they are not in custody.  *United States v. Crowell*, 374 F.3d 790, 794-95 (9th Cir. 2004), *cert. denied*, 543 U.S. 1070 (2005).  The Writ of *Audita Querela* "'provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment.  The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction.'" *Crowell*, 374 F.3d at 794 (quoting *Doe v. INS*, 120 F.3d 200, 203) (9th Cir. 1997)) (footnote omitted).

The Ninth Circuit has explained "that the difference between *coram nobis* and *audita querela* is largely 'one of timing, not substance.'" *Crowell* 374 F.3d at 974 n.4 (quoting *Doe v. INS*, 120 F.3d at 203 n. 4).  "Whereas *coram nobis* could attach to a judgment that was infirm at the time it was rendered (for reasons that later came to light), *audita querela* attached to a judgment

7 - OPINION AND ORDER -

that was correct when rendered, but was later rendered infirm by events that occurred after the judgment." *Id*. The Writ is unavailable to those who seek it on purely equitable grounds. *Id*. at 204.

After Petitioner's conviction became final, the Supreme Court broadened the law concerning conscientious objector status. In *Gillette v. United States,* 401 U.S. 437 (1970), the Court noted that conscientious objector status need not be premised solely upon religious beliefs and training to exempt an individual from induction into the military. Moreover, the *Gillette* court clarified that a "[willingness to use force in self-defense, in defense of home and family, or in defense against immediate acts of aggressive violence toward other persons in the community, has not been regarded inconsistent with a claim of conscientious objection to war as such." *Id*. at 448. After *Gillette*, in the 1980's the United States revised the classification of conscientious objector status to reflect *Gillette's* holding. *See generally* 32 C.F.R. §§ 1636.1 - 1636.10 (collectively, the "CO Regulations").

As noted, Respondent concedes that *Gillette* and subsequent case law which changed the definition of and requirements for conscientious objector status created a defense to the crime charged against Petitioner rendering his conviction infirm. As

8 - OPINION AND ORDER -

such, Petitioner is entitled to a Writ of *Audita Querela* vacating and setting aside his conviction in the United States District Court for the District of Oregon in *United States v. Erickson*, Case No. 68-89.

**II.   Expungement of Record of Conviction**

Vacating or setting aside a conviction under the remedies discussed above is not the equivalent of expungement. "When a court vacates a conviction, it sets aside or nullifies the conviction and its attendant legal disabilities; the court does not necessarily attempt to erase the fact of the conviction." *Crowell*, 374 F.3d at 792 (citation omitted). Likewise, a pardon which acknowledges guilt, but forgives it, is distinct from expungement of records. *Burdick*, 236 U.S. at 269. Expungement, by contrast, involves "the judicial editing of history." *Id.* (citation omitted).

Two sources of authority provide a federal court with the limited power to expunge records of federal criminal conviction: statutes and the court's inherent authority. *Id.* There is no general federal expungement statute, and the statutes allowing expungement in particularized instances are not applicable here. Nevertheless, "federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases." *Id*. at 793. District courts, however, do not "have the power 'to expunge

9 - OPINION AND ORDER -

a record of a valid arrest and conviction solely for equitable considerations.'" *Id*. (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)).

If a person who has been lawfully convicted wishes to expunge the records of conviction, that person must first obtain a judgment that the conviction was unlawful. *Id*. However, "even where a conviction has been held unlawful and vacated, expungement remains a 'narrow, extraordinary exception,' one 'appropriately used only in extreme circumstances.'" *Id*. at 795 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam)). As the Ninth Circuit explained in *Crowell*:

> Once a petitioner has succeeded in getting her conviction vacated, a district court may then determine whether the petitioner has asserted circumstances extraordinary and unusual enough that would merit expungement of her criminal judicial records. We underscore what our cases have clearly held: even where a conviction has been held unlawful and vacated, expungement remains a "narrow, extraordinary exception," one "appropriately used only in extreme circumstances."

*Crowell*, 374 F.3d at 796 (citation and footnote omitted).

The government's interest in protecting criminal records may be outweighed only under "extraordinary circumstances." *Smith*, 940 F.2d at 396. In *United States v. Payne*, 1998 WL 426135 (D. Or. 1998), the Honorable Helen J. Frye of this Court found that even the collateral effects of a conviction on the defendant's opportunity to secure gainful employment were not sufficient to

10 - OPINION AND ORDER -

outweigh the government's interest in maintaining criminal records. In *United States v. Noonan*, 906 F.2d 952 (3rd Cir. 1990), the Third Circuit Court of Appeals reversed a district court decision granting expunction to the defendant who was convicted of the same offense as Petitioner in this matter and who also benefitted from the Presidential Pardon in Proclamation 4483. In *Noonan*, however, the defendant's conviction had not been set aside as here, and the court found the governmental interest in maintaining criminal records outweighed the potential harm to the defendant. *Id*. at 958.

    Here, this Court is setting aside and vacating Petitioner's conviction. Petitioner, however, has not established extraordinary circumstances presently exist which warrant expungement of the historical record of his conviction. Petitioner presents no evidence that the mere existence of a historical record of his vacated conviction would have any adverse consequences upon him, and, in any event, there is not a basis on this record for the Court to find the requisite "extraordinary circumstances." Accordingly, his request for an order expunging the record of his now-vacated conviction is presently denied but without prejudice to Petitioner's right to renew his request should circumstances arise in the future which rise to the requisite "extraordinary circumstances" justifying expungement.

11 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Amended Petition for Writ of Error *Coram Nobis* and/or *Audita Querela* (#8). The Court **GRANTS** a Writ of Error *Audita Querela* to the extent that Petitioner's 1968 conviction in the United States District Court for the District of Oregon in *United States v. Erickson*, Case No. CR 68-89 is hereby **SET ASIDE** and **VACATED**. The Court **DENIES** Petitioner's request to expunge the record of his conviction, without prejudice to Petitioner's right to renew his request should extraordinary circumstances develop warranting such remedy.

IT IS SO ORDERED.

DATED this <u>1st</u> day of December, 2010.

                                         /s/ Anna J. Brown
                                      ANNA J. BROWN
                                      United States District Judge

12 - OPINION AND ORDER -